Charles T. **DRANEY**, individually and as representative of a bondholder class, Plaintiff,

v.

**WILSON, MORTON, ASSAF & McELLIGOTT, et al.,**
Defendants.

No. CIV 79–1029 PHX CLH.

United States District Court,
D. Arizona.

Aug. 17, 1983.

F. Pendleton Gaines, III, Alvin H. Shrago, Katherine M. Harmeyer, Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz., R. Alan Stotsenburg, David C. Harrison, R. Alan Stotsenburg, P.C., New York City, for plaintiff and the Bondholder Class.

Rogers & Wells, Mitchell L. Lathrop, Terrence L. Bingman, San Diego, Cal., Jennings, Strouss & Salmon, John G. Sestak, Jr., Phoenix, Ariz., for defendants Wilson, Morton, Assaf & McElligott; Wilson, Jones, Morton & Lynch; Ernest A. Wilson and Marjorie Wilson; Gerald A. Laster and Jo Laster; Kenneth I. Jones and Judy Jones; James T. Morton; Andrew C. Hall and Katherine S. Hall; Nancy J. Roth and Harry A. Mooney.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Donald E. Dyekman, Scottsdale, Ariz., for Jerry and Gudrun Tokoph, IPI of Arizona, Inc., and IPI Community Builders, Inc.

David S. Shughart, II, Phoenix, Ariz., for defendants Pinal County, Mountainview Estates County Improvement District and Jay and Mary Bateman.

Gallagher & Kennedy, Michael L. Gallagher, Kevin E. O'Malley, Phoenix, Ariz., for defendants Thomas A. and Josephine McCarville; Stanfield McCarville Coxon Cole & Fitzgibbons; and Stanfield McCarville, Coxon & Cole.

Brown & Bain, P.A., George E. Hilty, C. Randall Bain, Phoenix, Ariz., for defendant TES Farms and David and Edna Rich.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

This is a class action brought by a bondholder Charles Draney and other absent members of the class of bondholders against 27 defendants, alleging that each violated section 17 of the Securities Act of 1933, 15 U.S.C. § 77q, section 10 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and the Arizona Sales of Securities Act, A.R.S. § 44–1991 et seq. In June of 1982, defendant Pinal County moved to dismiss all claims against it. By minute entry of July 21, 1982, the Court granted the motion as to counts 1 and 2 insofar as these counts concerned bonds issued in 1974. The motion was otherwise denied. Pinal County now moves for summary judgment. Based upon the facts and reasoning to follow, this motion will be denied.

## FACTUAL BACKGROUND

Summary judgment is proper only when there is no genuine issue of material fact or, viewing the evidence most favorably to the adverse party, the movant is entitled to prevail as a matter of law. *Stansifer v. Chrysler Motors Corp.*, 487 F.2d 59, 63 (9th Cir.1973). The plaintiff and the defendant Pinal County (County) present statements of fact indicating that numerous questions of fact remain concerning the role of this defendant in the creation of the Mountain View Estates County Improvement District and the issuance of the District's improvement bonds. Accordingly, the undisputed facts and the facts averred by the plaintiff and supported by affidavits, transcripts, and other evidence will be assumed to be true for the purposes of this motion for summary judgment. These facts may be very briefly summarized as follows:

The County is a political subdivision of the State of Arizona, A.R.S. § 11–113, and is governed by the Board of Supervisors, A.R.S. § 11–201, 11–251. On April 16, 1973, the County Board of Supervisors created the Mountain View Estates County Improvement District pursuant to Article 1, Chapter 5 of Title 11, Arizona Revised Statutes. An improvement district is a municipal corporation. A.R.S. § 11–706(A). By law the Board of Supervisors of the County govern the District and serve as the District's Board of Directors. A.R.S. § 11–708.

The Board of Directors approved the issuance of improvement bonds for the purpose of financing public facilities such as roads and sewers benefiting lots within the District. These bonds were issued at closings occurring on June 3, 1974, December 16, 1974, June 9, 1976, July 15, 1976, and February 16, 1977.

When the 1976 bonds were issued, the Board of Directors of the District knew that the bond purchasers would not be informed that the owner of most of the lots of the District was insolvent, that foreclosure proceedings had been filed against the owner, that the owner had been unable to sell any lots in the District within the past year, that the cost of the improvements exceeded the value of the lots to be assessed, and that the state statute authorizing the issuance of the bonds was technically unconstitutional when the bonds were issued. Thereby, the Board of Directors and the District violated the federal securities laws by issuing the bonds as a scheme to defraud and by making false and misleading statements or omissions of material fact.

## BASES OF THE MOTION

The County bases its motion for summary judgment upon the following grounds:

First, liability under the federal securities laws cannot be imposed on the County where the County's only involvement in the violations was the creation of the District and the District is an independent municipal corporation.

Second, imposing liability against the County under the federal securities laws would violate the Tenth Amendment of the Constitution; and

Third, assuming that all federal claims are dismissed, then the remaining issue of state law must be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

1. *County's liability under federal securities laws*

■ The first issue of the County's motion for partial summary judgment is whether the County can be found liable under the federal securities laws, given the County's relationship to the District and the alleged actions and omissions of the County. In his response memorandum, the plaintiff appears to confine the basis for finding liability against the County to "controlling persons" liability, section 20 of the Securities Exchange Act of 1934, 15 U.S.C. § 78t. This section provides that

(a) Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation of cause of action.

The Ninth Circuit has interpreted this term "controlling person" to require proof of (1) a "power to influence" the controlled person and (2) participation, perhaps even "culpable participation," by the controlling person in the securities violation. *Christoffel v. E.F. Hutton & Co., Inc.,* 588 F.2d 665, 668–69 (9th Cir.1979). Upon establishing prima facie proof of the defendant's status as a controlling person, the burden shifts to the defendant to come forward with evidence that its actions were taken in good faith. *Id.*

Our inquiry therefore is confined to two questions: (1) did the County possess power to influence the District and (2) did the County participate in the violation? Upon its creation pursuant to A.R.S. § 11–706(A), the District becomes a "body corporate with the powers of a municipal corporation." Despite the legal separation from the County, however, the County maintains a close relationship to the District by a very firm legal nexus. Section 11–708 of the Arizona Revised Statutes states that "districts organized under this article shall be governed by the board of supervisors of the county in which the district is situated and the board of supervisors shall be deemed to be the board of directors of the district." The County's position of governance via its Board of Supervisors establishes a power to influence the District, for the District is "an agency of [the County's] own creation." *Paradise Valley Water Co. v. Hart,* 96 Ariz. 361, 365, 395 P.2d 716, 719 (1964). Furthermore, the plaintiff's allegations concerning the actions of the Board of Supervisors while acting as directors of the District is sufficient to create a question of material fact concerning the County's participation in this alleged securities violation. Under the plaintiff's statement of facts, therefore, the County could be liable as a controlling person under section 20 of the Securities Exchange Act of 1934.

### 2. *Applicability of Tenth Amendment*

The County also contends that the Tenth Amendment precludes the imposition of liability against the County under the federal securities laws. The genesis of this argument is found in *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), when the Supreme Court held that the Tenth Amendment prohibited the federal government from establishing minimum wages for state employees. In the Court's view, the Tenth Amendment is a bar to federal legislation that "operate[s] directly to displace the state's freedom to structure integral operations in areas of traditional government function." 426 U.S. at 852, 96 S.Ct. at 2474.

The Tenth Amendment, however, is not a bar in this case. Assuming arguendo that public financing through improvement districts are a traditional government function, the federal securities laws do not directly hinder the freedom of the state government to structure and carry out this function. Arizona itself has counterpart securities laws which apply to its departments, political subdivisions and municipal corporation. *See State v. Superior Court,* 123 Ariz. 324, 599 P.2d 777 (1979). Given that the State regulates itself to the same extent as the federal securities laws, the federal securities laws impose no additional burden which would run afoul of the Tenth Amendment.

IT IS ORDERED denying the defendant Pinal County's motion for summary judgment.